UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN JOHNSON,<br><br>      Plaintiff,<br><br>    v.<br><br>PETALUMA HEALTH CENTER, INC.,<br><br>      Defendant. | Case No. 23-cv-03777-VC<br><br>**TENTATIVE ORDER ON MOTIONS TO REMAND**<br><br>Re: Dkt. No. 63 |
| DARLENE GERSON, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>PETALUMA HEALTH CENTER, INC.,<br><br>      Defendant. | Case No. 23-cv-03870-VC<br><br>Re: Dkt. No. 63 |

The parties should be prepared to discuss the following at tomorrow's hearing:

In *Blumberger v. Tilley*, the Ninth Circuit seemed to assume that a determination whether the defendant was a "deemed" employee "with respect to the acts or omissions" giving rise to the lawsuit will typically be a mechanical one that's easy to make within 15 days. 115 F.4th 1113, 1129–31 (9th Cir. 2024). As this case shows, that may not always be true—it may sometimes be difficult to figure out whether the conduct alleged in a lawsuit is "related" to the performance of medical, surgical, or dental functions. One could imagine the Attorney General needing to conduct a non-ministerial analysis of that question, and needing to consult with the client to carefully consider the implications of deeming certain conduct "related" to the performance of

medical, surgical, or dental functions. Nonetheless, *Blumberger* says what it says: in the Ninth Circuit, section 233(*l*)(1) requires that the Attorney General make this determination and advise the state court of it within 15 days of appearing. The Attorney General did not do so in this case. That's understandable, because it didn't have the "benefit" of *Blumberger* at the time, and the requirements of the statute are virtually indecipherable.

The question is how to deal with the odd procedural situation created by the Attorney General's "failure" to adhere to an interpretation of section 233(*l*)(1) that had yet to be adopted. The Court is tentatively inclined to think that the best recourse would be to remand the matter to state court so that the Attorney General can comply with *Blumberger*—that is, so that she can advise the state court whether the defendant is a "deemed" employee with respect to the acts or omissions alleged in the lawsuit. If the Attorney General answers this question in the affirmative, she must remove the case. If she answers in the negative, the case must remain in state court.

**IT IS SO ORDERED.**

Dated: April 23, 2025

VINCE CHHABRIA
United States District Judge